UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
MICHAEL COLEMAN,                                    **ANSWER**

                                              07CV7790(SAS)(HBP)
            - against -                              <u>Pro</u> <u>Se</u>
                                              <u>JURY TRIAL DEMANDED</u>

"JANE" CUDNEY, <u>et. al.</u>


            Defendants.
-----------------------------X

     Defendants Barbara Cudney, s/h/a "Jane" Cudney, Sharon Henry,

John Zwaryczuk, Edward Del Rio, Daniel A. Landes and Thomas Geller,

employees of the New York State Division of Parole ("Division")[1] by

their attorney, Andrew M. Cuomo, Attorney General of the State of

New York, answers the <u>pro se</u> Complaint as follows:

     1.   To the extent that a response may be required as to the

jurisdictional statements in the complaint, defendants admit that

plaintiff purports to invoke the jurisdiction of this Court and

admit that plaintiff purports to bring this action pursuant to the

cited provisions of law, and deny that there is any basis for such

action and deny any alleged wrong-doing.

     2.   Deny the allegations in the complaint, except to the

extent admitted below.

_____

     [1]  Defendants Osvaldo Caban, Jr. Esq. and Richard J. Korn,
Esq. are not represented by the Office of the Attorney General.
In furtherance of the conference held on November 27, 2007,
plaintiff was provided with legal authority to support dismissal
on the grounds of absolute immunity claims against defendants
Daniel A. Landes and Thomas Geller, Division of Parole Administra-
tive Law Judges. This Answer includes defendants Landes and Geller
because the claims against them have not been withdrawn as of this
date.

3.    Except as noted below, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 4, 5, 6, 8, 9, 10, 12, 14, 17, 18, 25, 27, 28, 29, 30 and 31 in Section II "Statement of Claim" of the complaint and further state that the truth of the allegations in those paragraphs may be determined by review of records maintained by the Division.

4. Defendant Cudney denies the allegations in paragraph 2 and further states that plaintiff may have been informed about difficulty involving acceptance for parole supervision by the State of New Jersey.

5. Defendant Cudney denies the allegations in paragraph 3 and further states that plaintiff was advised that he could make inquiry of the field parole officer concerning interstate transfer of his parole, and that defendant Cudney would not initiate such transfer.

6. Defendants admit the allegations in paragraph 7 of the complaint.

7. Defendant Henry denies the allegations in paragraph 11 of the complaint.

8. Defendant Henry admits the allegations in paragraph 13 to the extent that plaintiff found temporary housing in Manhattan and

denies knowledge or information sufficient to form a belief as to
the truth of the remaining allegations in that paragraph, the truth
of which may be determined by review of records maintained by the
Division.

9. Defendant Henry admits the allegations in paragraph 15 to
the extent a "Failure to Report" notation appears in plaintiff's
parole file and  denies knowledge or information sufficient to form
a belief as to the truth of the remaining allegations in that
paragraph, the truth of which may be determined by review of
records maintained by the Division.

10. Defendant Henry admits paragraph 16 of the complaint.

11.  Defendant Zwaryczuk admits the allegations in paragraph
19  of the complaint.

12.  Defendant Zwaryczuk denies knowledge or information
sufficient to form a belief as to the truth of the allegation
contained in paragraph 20 and further states that the substance of
his hearing testimony  is contained in records and transcripts
maintained by the Division.

13.  Defendant Landes denies the allegations in paragraphs 21,
23, 24 and 26 of the complaint.

14.  Defendant Geller denies the allegations in paragraph 22
of the complaint.

15. Defendant Del Rio denies the allegations in paragraphs 21,
22 and 26 of the complaint.

16. Defendant Zwaryczuk denies the allegations in paragraph 26 of the complaint.

17. Addressing the paragraph in Part II concerning "grounds for relief", defendants state that the allegations concern legal arguments and conclusions which are to be addressed by the court. To the extent that a response is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph.

18. To the extent that a response is required to Parts III and V of the complaint concerning injuries, defendants deny that plaintiff is entitled recover compensatory or punitive damages or other relief for the claims set forth in the complaint.

19. To the extent that a response is required to Part IV concerning exhaustion of administrative remedies, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that section which may be determined by review of records maintained by the Division.

20. To the extent that a response may be deemed required as to the allegations in Section VI of the complaint pertaining to previous lawsuits filed by plaintiff, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that section.

## Defenses

### As and for a First Defense

21. Plaintiff's claims are barred, in whole or in part, by the applicable Statutes of Limitations and/or by the doctrine of laches.

### As and for a Second Defense

22. Plaintiff's claims, in whole or in part fail to set forth a claim, or to allege sufficient facts upon which relief may be granted.

### As and for a Third Defense

23. Plaintiff's claims fail to raise claims over which this Court has subject matter jurisdiction, and specifically fail to raise a substantial federal question, and therefore this Court is, it is respectfully submitted, without jurisdiction.

### As and for a Fourth Defense

24. Defendant's actions were not violative of plaintiff's clearly established constitutional rights of which reasonable persons in defendants' position would have been aware and, as such, defendants are entitled to qualified immunity.

### As and for a Fifth Defense

25. To the extent that defendants Landes and Geller were acting in their capacities as Administrative Law Judges, plaintiff's claims are barred on the grounds of absolute immunity.

### As and for a Sixth Defense

26.    Defendants at no time acted willfully or maliciously in disregard of plaintiff's constitutional rights, and therefore plaintiff is not entitled to punitive damages or other relief.

### As and for an Seventh Defense

27.    To the extent defendants are sued in their official capacities, this action is barred in whole or in part, by the Eleventh Amendment to the United States Constitution.

### As and for a Eighth Defense

28.    This action may be barred by the doctrines of waiver, estoppel, collateral estoppel and res judicata.

### As and for an Ninth Defense

29.    This action is barred in whole or in part for failure to exhaust state and administrative remedies.

**WHEREFORE**, defendants respectfully request dismissal of the complaint, together with costs and any other relief which the Court deems to be equitable.

Dated:    New York, New York
          December 3, 2007

                                        ANDREW M. CUOMO
                                        Attorney General of the
                                        State of New York
                                        Attorney for Defendants
                                        By:
                                        _____/s/_____
                                        DONALD NOWVE
                                        Assistant Attorney General
                                        120 Broadway - 24th Floor
                                        New York, New York  10271
                                        (212) 416-8227

To:  Michael Coleman

<u>Plaintiff Pro Se</u>
P.O. Box 1721
Radio City Station
New York, New York    10101-1721


Matthew A. Kaufman, Esq.
<u>Attorney for Defendant</u>
<u>Richard J. Korn, Esq.</u>
32 Court Street, Suite 1506
Brooklyn, New York    11201

Osvaldo Caban, Jr., Esq.
<u>Defendant Pro Se</u>
67 Wall Street
New York, New York    10005

**DECLARATION OF SERVICE**


        DONALD NOWVE, pursuant to 28 U.S.C. § 1746, declares
under perjury as follows: that on December 3, 2007 I  caused to be
served  one  copy  of  the  annexed  Answer  on  behalf  of  defendants
Barbara  Cudney,  Sharon  Henry,  John  Zwaryczuk,  Edward  Del  Rio,
Daniel A. Landes and Thomas Geller, on the following persons:

        Michael Coleman
        Plaintiff Pro Se
        P.O. Box 1721
        Radio City Station
        New York, New York   10101-1721


        Matthew A. Kaufman, Esq.
        Attorney for Defendant
        Richard J. Korn, Esq.
        32 Court Street, Suite 1506
        Brooklyn, New York   11201

        Osvaldo Caban, Jr., Esq.
        Defendant Pro Se
        67 Wall Street
        New York, New York    10005


by  depositing the document in a sealed, properly addressed

envelope, with postage prepaid, in an official depository of the

United States Postal Service within the State of New York,

Executed on December 3, 2007


                                _____/s/_____
                                DONALD NOWVE