UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHAEL COLEMAN,                                    07 Civ. 7790 (SAS)

                Plaintiff,

– against –                                         **AMENDED COMPLAINT
AND JURY DEMAND**

BRIAN FISCHER, Commissioner of the New York
State Department of Correctional Services (DOCS),
in his individual capacity; ANTHONY J. ANNUCCI,
Deputy Commissioner and Counsel for DOCS, in his
individual capacity; LUCIEN J. LECLAIRE, JR., former
Acting Commissioner of DOCS, in his individual capacity;
GLENN S. GOORD, former Commissioner of DOCS,
in his individual capacity; EDWARD DEL RIO, Parole
Revocation Specialist, in his individual capacity;
JOHN ZWARYCZUK, Senior Parole Officer, in his
individual capacity; BARBARA CUDNEY, Institutional
Parole Officer, in her individual capacity; SHARON
HENRY, Parole Officer, in her individual capacity; JOHN
MARTINEZ, Parole Officer, in his individual capacity;
and JOHN/JANE DOES 1-10 (DOCS and Division of
Parole Supervisory, Training, and Policy Personnel),

                Defendants.
------------------------------------------------------------------x



       Plaintiff Michael Coleman, by his attorneys, Emery Celli Brinckerhoff & Abady LLP, alleges as follows:

## INTRODUCTION

       1. More than seventy years ago, a unanimous Supreme Court held that only the judgment of a court establishes a defendant's sentence, and that imposition of an extra-judicial sentence violates a defendant's constitutional rights. *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936) (Cardozo, J.).

       2. Consistent with *Wampler*, the Court of Appeals for the Second Circuit has held that the imposition of an extra-judicial sentence of post-release supervision ("PRS") by the

New York State Department of Correctional Services ("DOCS") violated clearly established law. *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006).

3. Notwithstanding the unambiguous command of *Wampler* and *Earley*, DOCS administratively imposed and enforced PRS on plaintiff Michael Coleman, whose sentence never included PRS (the "PRS Policy"). DOCS also imprisoned Mr. Coleman for one year on the ground that he allegedly had violated PRS conditions. This is inexcusable. It defies belief that defendants imposed PRS on Mr. Coleman and re-imprisoned him for allegedly violating PRS, when PRS was never part of a valid judicially imposed sentence.

4. Mr. Coleman brings this action for declaratory relief and for compensatory and punitive damages.

## JURISDICTION AND VENUE

5. This action arises under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a) and 2201.

7. Venue is lodged in this Court pursuant to 28 U.S.C. 1391(b).

## JURY DEMAND

8. Plaintiff demands trial by jury in this action

## THE PARTIES

9. Plaintiff Michael Coleman is a 62 year old citizen of the United States. He was incarcerated by DOCS pursuant to a determinate sentence of four years. He was not sentenced to PRS. Although Mr. Coleman was never sentenced to PRS, DOCS administratively imposed a five year term of PRS, upon his release from prison on July 22, 2005 after he had

served 6/7ths of his four year determinate sentence. Mr. Coleman's maximum determinate sentence expired on February 20, 2006. Thereafter, on or about June 14, 2006, DOCS re-imprisoned Mr. Coleman for one year for allegedly violating the conditions of his PRS.

10. Defendant Brian Fischer is the Commissioner of DOCS. Since he was appointed to that position on January 1, 2007, he has been and continues to be responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters and responsible for the appointment, training, supervision, and conduct of all DOCS personnel. In addition, Commissioner Fischer has been and continues to be responsible for enforcing the rules of DOCS, and for ensuring that DOCS personnel obey the Constitution and laws of the United States. Commissioner Fischer is sued in his individual capacity.

11. Defendant Anthony J. Annucci is a Deputy Commissioner of, and Counsel to, DOCS. At all times relevant to this action, defendant Annucci has been, and continues to be, responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters and responsible for the appointment, training, supervision, and conduct of all DOCS personnel. In addition, Deputy Commissioner Annucci has been and continues to be responsible for enforcing the rules of DOCS, and for ensuring that DOCS personnel obey the Constitution and laws of the United States. Defendant Annucci is sued in his individual capacity.

12. Defendant Lucien J. Leclaire, Jr., was Acting Commissioner of DOCS from August 30 to December 31, 2006. Throughout that time, Acting Commissioner LeClaire was responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters and responsible for the appointment, training, supervision, and conduct of all DOCS personnel. In addition, Commissioner Leclaire was responsible for enforcing the rules of DOCS,

and for ensuring that DOCS personnel obey the Constitution and laws of the United States. Former Acting Commissioner Leclaire is sued in his individual capacity.

13. Defendant Glenn S. Goord was the Commissioner of DOCS from 1996 to August 30, 2006. Throughout that time, Commissioner Goord was responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters and responsible for the appointment, training, supervision, and conduct of all DOCS personnel. In addition, Commissioner Goord was responsible for enforcing the rules of DOCS, and for ensuring that DOCS personnel obey the Constitution and laws of the United States. Former Commissioner Goord is sued in his individual capacity.

14. Defendant Edward Del Rio is a Parole Revocation Specialist. Defendant Del Rio was responsible for instituting and pursuing the proceedings against Mr. Coleman for allegedly violating the terms and conditions of his PRS notwithstanding that the imposition of PRS was itself unlawful and unconstitutional. Parole Revocation Specialist Del Rio is sued in his individual capacity.

15. Defendant John Zwaryczuk is a Senior Parole Officer. Defendant Zwaryczuk was responsible for instituting and pursuing the proceedings against Mr. Coleman for allegedly violating the terms and conditions of his PRS notwithstanding that the imposition of PRS was itself unlawful and unconstitutional. Senior Parole Officer Zwaryczuk is sued in his individual capacity.

16. Defendant Barbara Cudney is an Institutional Parole Officer. Defendant Cudney was responsible for enforcing terms and conditions of PRS on Mr. Coleman notwithstanding that the imposition of PRS was itself unlawful and unconstitutional. Institutional Parole Officer Cudney is sued in her individual capacity.

17. Defendant Sharon Henry is a Parole Officer. Defendant Henry was responsible for enforcing terms and conditions of PRS on Mr. Coleman notwithstanding that the imposition of PRS was itself unlawful and unconstitutional. Parole Officer Henry is sued in her individual capacity.

18. Defendant John Martinez is a Parole Officer. Defendant Martinez continues to enforce terms and conditions of PRS on Mr. Coleman notwithstanding that the imposition of PRS was itself unlawful and unconstitutional. Parole Officer Martinez is sued in his individual capacity.

19. At all relevant times, defendants "Jane/John Does 1-10" were training, supervisory and policy making personnel within DOCS and/or the Division of Parole who implemented, enforced, perpetuated and/or allowed the unconscionable PRS Policy that is the subject of this action. Plaintiff is unable to determine the names of these supervisory defendants at this time and thus sue them under a fictitious designation. All are sued in their individual capacities.

20. During all times mentioned in this complaint, defendants, separately and in concert, engaged in acts and/or omissions which constituted deprivations of plaintiff Coleman's constitutional rights, and his privileges and immunities, and while these acts were carried out under color of law, they had no justification or excuse, and were instead gratuitous, illegal and improper.

## FACTS

21. The United States Constitution prohibits public officials, such as the Commissioner of the State DOCS or any of his subordinates, from administratively imposing any term of detention on an individual beyond what a sentencing court has authorized.

22. Defendants know that they may not institute, enforce, or permit the imposition of PRS absent an express statement or judgment from a sentencing court to that effect.

23. Defendants' policy, practice, and custom mandating the imposition and enforcement of PRS on individuals not sentenced to PRS has been promulgated, effectuated, and/or enforced in bad faith and contrary to clearly established law.

24. Mr. Coleman was a victim of the PRS Policy.

25. As a direct result of the unlawful imposition and enforcement of PRS pursuant to the PRS Policy, Mr. Coleman has suffered actual damages in forms involving, without limitation, loss of liberty, lost wages, mental anguish, pain and suffering.

26. In January 2002, Mr. Coleman received a determinate sentence of four years imprisonment for first-degree attempted assault. At the same time, he also received a two year determinate sentence for second-degree assault. The two sentences were ordered to run concurrently. Thus, the four year determinate sentence controlled the calculation of the maximum expiration date of his sentence.

27. The Court did not impose a period of PRS as part of either sentence. Nor was PRS mentioned on the sentencing commitment sheet.

28. Due to credit for time served awaiting trial, Mr. Coleman's maximum determinate sentence expiration date was February 20, 2006.

29. Due to a $1/7^{th}$ reduction for good time, Mr. Coleman was released from prison on or about July 22, 2005, and subjected to a five year term of PRS imposed by DOCS.

30. Consistent with its imposition of a five year term of PRS, DOCS continued to subject Mr. Coleman to PRS after his maximum determinate sentence expired on February 20, 2006.

31. On June 14, 2006, Mr. Coleman was arrested for allegedly violating the terms of his PRS by traveling to New Jersey.

32. On the same date, June 14, 2006, after the expiration of his maximum determinate sentence, DOCS re-incarcerated Mr. Coleman for alleged violations of PRS.

33. While incarcerated, Mr. Coleman filed a state habeas petition on the ground that his right to counsel was violated at his final parole revocation hearing.

34. On June 18, 2007, the St. Lawrence County Supreme Court granted Mr. Coleman's habeas petition. *Coleman v. Taylor*, Index No. 123752 (St. Lawrence Co. Sup. Ct. June 18, 2007).

35. On or about June 19, 2007, after serving a year in jail without justification, Mr. Coleman was released.

36. On September 20, 2007, Mr. Coleman filed a Notice of Petition pursuant to Article 78 of the CPLR seeking an order directing DOCS to excise and delete PRS from the computation of his sentence.

37. On March 14, 2008, the Kings County Supreme Court granted Mr. Coleman's petition, finding that DOCS's imposition of PRS was illegal. *Coleman v. New York State Department of Correctional Services*, Index No. 36119/2007 (Kings Co. Sup. Ct. Mar. 14, 2008).

38. As a direct and proximate result of the unlawful imposition and enforcement of PRS on Mr. Coleman pursuant to the PRS Policy, and the unlawful twelve-month imprisonment of Mr. Coleman pursuant to the same Policy, Mr. Coleman has suffered and continues to suffer loss of liberty, loss of wages, psychological pain, suffering, and mental anguish.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983; Fourteenth Amendment

39. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

40. By implementing, promulgating, and enforcing and/or effectuating a policy, practice and custom pursuant to which the plaintiff was subject to PRS when imposition of PRS on him was never authorized by any sentencing court, defendants have deprived the plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and of rights guaranteed by the Fourteenth Amendment of the United States Constitution. Defendants also conspired among themselves to do so (taking numerous overt steps in furtherance thereof), and/or failed to prevent one another from doing so.

41. Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment.

42. Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

43. Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourteenth Amendment to the United States Constitution.

44. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff suffered and continues to suffer the damages alleged above.

## RELIEF REQUESTED

WHEREFORE, plaintiff Michael Coleman requests the following relief:

1. A judgment declaring that defendants have committed the violations of law alleged in this action;

2. Compensatory damages against all defendants in an amount to be proven at trial;

3. Punitive damages against all defendants in an amount to be proven at trial;

4. An order awarding disbursements, costs, and attorneys' fees; and

5. Such other and further relief that may be just and proper.

Dated: April 25, 2008
New York, New York

                EMERY CELLI BRINCKERHOFF
                & ABADY LLP

By: _____
      Matthew D. Brinckerhoff (MB 3552)
      Elora Mukherjee (EM 0921)

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000